```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

------------------------------X Docket#
ELHADJI SEMBENE,              :12-cv-00151-RRM-SMG
           Plaintiff,         :
                              :
   - versus -                 : U.S. Courthouse
                              : Brooklyn, New York
COMPUTER PROFESSOR, INC.,     :
           et al,             : January 15, 2013
           Defendant          :
------------------------------X
```

```
  TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
        BEFORE THE HONORABLE STEVEN M. GOLD
        UNITED STATES CHIEF MAGISTRATE JUDGE
```

**A  P  P  E  A  R  A  N  C  E  S:**

**For the Plaintiff**:          Robert Wisniewski, Esq.
                                Robert Wisniewski
                                   & Associates P.C.
                                225 Broadway
                                Suite 1020
                                New York, NY 10007


**For the Defendant**:          Andrew Citron, Esq
                                110 Wall Street
                                11th Floor
                                New York, NY 10005


**Transcription Service**:      Transcriptions Plus II, Inc.
                                740 Sharon Road
                                Copiague, New York 11726
                                Transcriptions2@verizon.net

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

```
                          Proceedings                          2
 1            THE COURT:  Good afternoon, everyone.  I'll be
 2  with you in a moment.
 3            This is Sembene v. Computer Professor, Inc.,
 4  12-cv-151.  For the plaintiff?
 5            MR. WISNIEWSKI:  Robert Wisniewski for the
 6  plaintiff.
 7            THE COURT:  Mr. Sembene, are you on the line?
 8            MR. SEMBENE:  Yes.
 9            THE COURT:  And who is on for the defendant?
10            MR. CITRON:  Andrew Citron, 110 Wall Street,
11  for the defendants.  The individual defendants were
12  offered the opportunity to participate.  As far as I
13  understand, they haven't come into the conference call
14  but I advised them of, you know, the time and date and
15  gave them the ability to participate if they wanted to.
16            THE COURT:  Thank you.  Thank you very much.
17            I have a January 12th letter from Mr. Sembene
18  with exhibits and I am not sure whether the others have
19  had an opportunity to receive it or if it was even sent
20  to them.  Have you seen the letter, Mr. Wisniewski?
21            MR. WISNIEWSKI:  Your Honor, I received the
22  letter but not any attachments.
23            THE COURT:  Okay.
24            MR. WISNIEWSKI:  I received a two -- I think
25  two or three page letter.
```

```
                         Proceedings                          3
 1            THE COURT:  All right.
 2            MR. SEMBENE:  Judge, it's a five page letter.
 3            THE COURT:  I have a five page letter.
 4            MR. SEMBENE:  I sent, it's five page.
 5            THE COURT:  And the attachments include a
 6   portion of the retainer agreement --
 7            MR. SEMBENE:  Yes.
 8            THE COURT:  -- an e-mail --
 9            MR. SEMBENE:  Yes.
10            THE COURT:  -- a schedule of wages --
11            MR. SEMBENE:  Yes,
12            THE COURT:  -- and some other documents, as
13   well that are related to Mr. Sembene's background and
14   employment.
15            MR. SEMBENE:  All the document I mentioned, he
16   has it.
17            THE COURT:  Okay.
18            MR. SEMBENE:  Actually, they be in
19   (indiscernible) case.
20            THE COURT:  Yes, I suspect so.  In any event,
21   I'm a little bit confused because I am getting slightly
22   different understandings of the facts from my readings of
23   the letters.  In other words, I understand from both
24   letters that the parties reached a settlement agreement
25   but I am getting two different understandings about what
```

```
                        Proceedings                            4
```

1 the settlement agreement provided.
2          Mr. Wisniewski's letter suggests, I believe,
3 that the settlement agreement contemplated $17,500 to the
4 plaintiff and $17,500 to cover fees and disbursements.
5 Is that your understanding, Mr. Wisniewski?
6          MR. WISNIEWSKI:  Yes, for a total of $35,000 --
7          THE COURT:  Yes.
8          MR. WISNIEWSKI:  -- that the defendants were to
9 pay to settle this case.
10         THE COURT:  And Mr. Sembene's letter indicates
11 that the settlement offer was $20,000 to him and $15,000
12 in legal fees.
13         MR. SEMBENE:  Yes.
14         THE COURT:  Was that your understanding, Mr.
15 Sembene?
16         MR. SEMBENE:  No, it's not understanding.  Is
17 what the Judge Nolan.  This last proposal, he submitted a
18 different than what he agreed to pay, $20,000 for me and
19 $15,000.  And in my letter, I say in the last paragraph,
20 it's Mr. -- if Judge Nolan is still keeping record, I
21 think he was taking notes, I am sure of the settlement,
22 he can confirm it.  You can also ask Mr. Citron what were
23 the last proposal he agreed to pay; if it was $17,500 by
24 two or $20,000 and $15,000.  Judge,  you can ask them.
25         THE COURT:  At least now, at least I

Proceedings                                                    5

1   understand.  I had thought Mr. Wisniewski and I just want
2   to make sure my current understanding is the accurate one
3   and not my original one.  My original understanding was
4   that there was a fee provision in the settlement
5   agreement that would have resulted in a fee smaller than
6   the one you felt you were entitled to under the retainer
7   agreement and you were seeking to invoke a right under
8   the retainer agreement to take a larger fee than was
9   negotiated in the settlement.
10            Now my understanding is different.  You're
11  contending that the settlement agreement that was reached
12  with all the parties was $17,500 and $17,500 and
13  Mr. Sembene is saying that it was 20- plus 15-.
14            MR. WISNIEWSKI:  Yes.
15            THE COURT:  Okay.  Well, I don't want to put
16  Mr. Citron in the middle of this unless he wants to be
17  heard.
18            MR. CITRON:  I --
19            THE COURT:  And I don't know --
20            MR. CITRON:  I do want to be heard.  First of
21  all, just for clarity's sake, we haven't been getting any
22  of the submissions or the latest letter from Mr. Sembene.
23  Obviously, we were present and, you know, I recall what
24  happened and I suppose Mr. Nolan would be, as well.  And
25  I mean, I am not -- not that I am reluctant to say what

```
                        Proceedings                          6
 1   happened, I certainly remember very clearly what
 2   happened.  Our interest is in, you know, moving forward
 3   with the settlement.  I would -- again, I'm not trying to
 4   indicate that I don't have a recollection of what was
 5   agreed to --
 6            THE COURT:  Right.
 7            MR. CITRON:  -- I do.  But I am just saying
 8   that under either proposal, either of these claims, we
 9   would be paying 35-.
10            THE COURT:  Right.
11            MR. CITRON:  So, we would like to move along
12   with the settlement for obvious reasons.  If your Honor
13   would like me to state my recollection of the settlement
14   terms, I have no problem with doing that.
15            THE COURT:  Well, I don't think it would be
16   productive unless we had an agreement from Mr. Sembene
17   and Mr. Wisniewski that they would both abide by your
18   recollection.  If I had that agreement, then I would ask
19   you to pronounce it and I would order the case settled on
20   those terms.
21            MR. CITRON:  Right.
22            THE COURT:  Mr. Sembene, would you be wiling to
23   do that?
24            MR. SEMBENE:  Sorry, Judge, can you say again?
25            THE COURT:  Yes.  Mr. Citron says, if I -- and
```

```
                         Proceedings                         7
```

1    I will ask him to correct me if I am wrong, that he
2    clearly understands the different interpretations of the
3    facts; is it 17,5- times two or is it 20- to you and 15-
4    to Mr. Wisniewski; he has a clear recollection that it is
5    one or the other but he would rather not say unless it's
6    going to resolve the matter because he doesn't want to
7    alienate or seem to be taking sides because he has a
8    litigation to deal with if the case isn't resolved.
9              Mr. Citron, am I pretty much on the mark so
10   far?
11             MR. CITRON:  Yes, yes, yes.
12             THE COURT:  And so I say now to you Mr. --
13   forgive me if I am mispronouncing your name -- Mr.
14   Sembene, is it?
15             MR. SEMBENE:  Sembene; yes.
16             THE COURT:  Mr. Sembene, if you and Mr.
17   Wisniewski agree to be bound by what Mr. Citron recalls
18   right now, I will ask Mr. Citron what his recollection
19   is.
20             MR. SEMBENE:  Okay.
21             THE COURT:  I know someone has just joined but
22   this is Judge Gold and I am in the middle of a thought,
23   please hold on.
24             Mr. Sembene, if you would agree to be bound and
25   Mr. Wisniewski will agree to be bound, I will ask Mr.

```
                        Proceedings                         8
 1   Citron what he recalls on the record and those will be
 2   the settlement terms.
 3            MR. SEMBENE:  Okay.
 4            THE COURT:  If you don't agree to be bound by
 5   that, then we'll go forward and we'll figure out how.
 6            MR. SEMBENE:  Okay.
 7            THE COURT:  What do you think about that,
 8   Mr. Sembene?
 9            MR. SEMBENE:  Okay.  I give my agreement.  If
10   Mr. Citron confirm what I say or what Mr. Wisniewski say,
11   okay, I am ready to follow.
12            THE COURT:  You are.
13            MR. SEMBENE:  Yes.
14            THE COURT:  Mr. Wisniewski, what about you?
15            MR. WISNIEWSKI:  I have no problem, your Honor.
16            THE COURT:  So, just to be clear because we are
17   on the record and I don't want to have a difficulty
18   later, if Mr. Citron recalls that was 17,5- for you Mr.
19   Sembene and 17,5- for Mr. Wisniewski, that's acceptable
20   to you?
21            MR. SEMBENE:  Okay.  What about Mr. Nolan --
22   Judge Nolan?
23            THE COURT:  Well, I don't have Judge Nolan on
24   the phone.  I have Mr. Citron on the phone --
25            MR. SEMBENE:  He was --
```

```
                       Proceedings                          9
 1            THE COURT:  Excuse me, I am speaking and I
 2   would like to finish.  I don't have Judge Nolan on the
 3   phone.  I have a $2,500 dispute.  I do not want to incur
 4   more of his time and effort.  He's entitled to be
 5   compensated for that time and effort and so you can
 6   either say I'll accept Mr. Citron's recollection or I
 7   won't and we'll figure out what to do if you won't.
 8            MR. SEMBENE:  No, I say okay.  In the last part
 9   of my letter, I mentioned if Mr. Citron and Mr. Nolan are
10   keeping record of the settlement, they could probably
11   confirm what I say.  So that's why I will be interested
12   into hearing both.
13            THE COURT:  They might not agree.
14            MR. SEMBENE:  Hear both (indiscernible).
15            THE COURT:  Then we would be right back where
16   we are now.  I take it that you are changing your mind
17   and you don't want to resolve the case based on Mr.
18   Citron's recollection?
19            MR. SEMBENE:  No, no.  Since Mr. Nolan was the
20   mediator, I guess his input is very important that he --
21            THE COURT:  Okay.
22            MR. SEMBENE:  -- because he was -- I am sure
23   that he was taking notes --
24            THE COURT:  Okay.
25            MR. SEMBENE:  -- when --
```

```
                          Proceedings                      10
 1          THE COURT:  Okay.  I'll do this.  You can
 2  contact Mr. Nolan and Mr. Nolan, if he's willing, can
 3  submit a letter to the Court.  If not, I suppose we can
 4  litigate this by having Mr. Nolan's deposition taken.
 5  Okay?
 6          MR. SEMBENE:  Your Honor, I think -- no, no,
 7  no.  No, I was thinking that Mr. Nolan would be part of
 8  the conference today.
 9          THE COURT:  You were mistaken, sir.
10          MR. SEMBENE:  Because I mentioned
11  (indiscernible).
12          THE COURT:  You were mistaken, sir.  He gets
13  paid by the hour for his time.  Do you want to hire him
14  to participate in a conference?
15          MR. SEMBENE:  Okay, no, I didn't know.  I say I
16  didn't know.  I was thinking that he will part of the
17  settlement today.  So, okay.  I agree, okay, to hear from
18  Mr. Citron.  Okay.
19          THE COURT:  Yes?
20          MR. SEMBENE:  I apologize, I didn't understand.
21          THE COURT:  You don't have to apologize.
22          MR. SEMBENE:  I was hoping that Mr. --
23          THE COURT:  If you want to find out what
24  Mr. Nolan would have to say, I will give you an
25  opportunity to do it.
```

```
                         Proceedings                      11
```

1          MR. WISNIEWSKI:  Your Honor, it's Robert
2   Wisniewski.  I think the problem is under the ADR rules,
3   we are unable to call Mr. Nolan as a witness.  That's the
4   rules of the ADR process.
5          THE COURT:  Even in a settlement enforcement
6   hearing?
7          MR. WISNIEWSKI:  That was my understanding but
8   I would have no problem if Mr. Nolan agreed to be deposed
9   or to submit an affidavit as to what the settlement was.
10         THE COURT:  Well, let me throw something else
11  out there then.  All right?  Mr. Citron and
12  Mr. Wisniewski, I take it that you selected Mr. Nolan to
13  mediate the dispute; correct?
14         MR. CITRON:  Yes.
15         MR. WISNIEWSKI:  That's correct.
16         THE COURT:  What if both Mr. Citron and Mr.
17  Nolan were to send me ex parte a letter with their
18  recollection of the settlement terms and if they're in
19  agreement, Mr. Wisniewski and Mr. Sembene will be bound
20  and if they're in disagreement, there won't be a binding
21  settlement and we will figure out what to do next.
22         MR. WISNIEWSKI:  I have no problem, your Honor.
23         THE COURT:  Mr. Sembene?  Mr. Sembene?  Mr.
24  Sembene, are you there?
25         MR. SEMBENE:  Yes, yes.

```
                          Proceedings                          12
 1              THE COURT:  Did you hear what I said?
 2              MR. SEMBENE:  Okay.  So you say okay, you will
 3   -- you want Mr. Nolan to send a document of settlement?
 4              THE COURT:  Mr. Sembene (sic) --
 5              MR. SEMBENE:  Yes.
 6              THE COURT:   -- and Mr. Citron will each send
 7   me --
 8              MR. SEMBENE:  Okay.
 9              THE COURT:   -- a brief statement of the
10   settlement terms.
11              MR. SEMBENE:  Okay.
12              THE COURT:  If they are in agreement, you and
13   Mr. Wisniewski will be bound by what they say.
14              MR. SEMBENE:  Okay.
15              THE COURT:  If they're in disagreement --
16              MR. SEMBENE:  I agree.  I agree.
17              THE COURT:  Let me finish.  If they're in
18   disagreement, you will not be bound.  Is that acceptable
19   to you?
20              MR. SEMBENE:  Yes.
21              THE COURT:  Good.
22              MR. WISNIEWSKI:  And it's acceptable to me,
23   your Honor.
24              THE COURT:  Good.  Now someone joined on the
25   line.  You can announce yourself now.
```

                                Proceedings                           13

1              MR. PRESWORSKY:  Yes, I'm Yechezkel Presworsky.
2    I'm the defendant.
3              THE COURT:  Very well.  That's one of the
4    people you were referring to before, I take it, Mr.
5    Sembene?
6              MR. SEMBENE:  Yes, yes.
7              THE COURT:  Do you have anything you want to
8    say as part of the record of this?
9              MR. PRESWORSKY:  No, I mean it sounds -- I
10   mean, it's --
11             THE COURT:  Okay, good.
12             MR. PRESWORSKY:  That sounds like we have a
13   settlement.
14             THE COURT:  Mr. Citron --
15             MR. PRESWORSKY:  And everybody's in agreement.
16             THE COURT:  Mr. Citron?
17             MR. CITRON:  Yes.
18             THE COURT:  Can you send me a fax with your
19   recollection in one or two sentences, please?
20             MR. CITRON:  My recollection?  I would be happy
21   to, Judge.
22             THE COURT:  By fax, just to me.
23             MR. CITRON:  Do it -- oh, a fax?  Yes.
24             THE COURT:  718-613-2565.
25             MR. CITRON:  Not a problem.

```
                         Proceedings                         14
 1              THE COURT:  Given that these two are having a
 2   dispute and that your client will be served by an easier
 3   rather than more difficult resolution, could I prevail
 4   upon you to contact Mr. Nolan and bring him up to speed
 5   and see if he will do the same?
 6              MR. CITRON:  Not a problem whatsoever.  I'll
 7   deal with Mr. -- I'll call Mr. Nolan.
 8              THE COURT:  Thank you very much.  Is there
 9   anything --
10              MR. CITRON:  And he should send a fax to the
11   same fax number?
12              THE COURT:  Exactly.  And once I have the two
13   faxes, I'll reconvene the call.
14              MR. CITRON:  Okay.
15              THE COURT:  Hopefully, they'll be in agreement.
16              MR. CITRON:  Great.  I will try and get that
17   done as soon as possible in the next day or two -- you
18   know, as soon as I can.
19              THE COURT:  I really appreciate that.  If we
20   don't hear from you by Friday, maybe we'll reach out and
21   find out what's going on, okay?
22              MR. CITRON:  Fine.  I assume you'll hear from
23   us by Friday.  Hopefully, Mr. Nolan has notes, you know.
24              THE COURT:  Right.
25              MR. CITRON:  Okay.
```

```
                           Proceedings                            15
 1            THE COURT:  Okay.  Hopefully given the
 2   magnitude of the dispute, this will get it done with,
 3   okay?
 4            MR. CITRON:  Great.
 5            MR. SEMBENE:  Okay.
 6            MR. WISNIEWSKI:  Thank you.
 7            THE COURT:  Thank you.
 8            MR. CITRON:  Thank you.
 9            MR. SEMBENE:  I just -- hello?  Mr. Citron?
10            THE COURT:  Yes.
11            MR. CITRON:  Yes?
12            MR. SEMBENE:  Can you give me your fax number,
13   so I can fax you the letter, the last letter I sent to
14   the Judge?
15            MR. CITRON:  If no one else has a problem with,
16   I certainly could -- you know, I'll give you my fax
17   number.
18            MR. SEMBENE:  Okay.
19            MR. CITRON:  212 --
20            MR. SEMBENE: 212 --
21            MR. CITRON:  -- 504 --
22            MR. SEMBENE:  -- 504 --
23            MR. CITRON:  -- 2785.
24            MR. SEMBENE:  2785.
25            MR. CITRON:  Yes.
```

|  | Proceedings | 16 |
|---|---|---|

```
 1          MR. SEMBENE:  212-504-2785.
 2          MR. CITRON:  That's it.
 3          MR. SEMBENE:  Okay, thank you.
 4          MR. CITRON:  Thank you.
 5          THE COURT:  Good day, everybody.
 6          MR. CITRON:  Have a good day.
 7          MR. WISNIEWSKI:  Thank you.
 8          THE COURT:  It's been a pleasure.
 9              (Matter concluded)
10                    -o0o-
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

17

**C E R T I F I C A T E**

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **12th** day of **February**, 2013.

Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.